IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONA HEALTHCARE LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21—cv-00785-M |
| | § | |
| MD MEDIA, LLC d/b/a | § | |
| THE DRUG REHAB AGENCY, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT MD MEDIA LLC'S RESPONSE TO CONA HEALTH, LLC AND CHRIS MEYER'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant MD Media LLC files this Response in Opposition to Cona Health, LLC and non-party Chris Meyer's Motion for Leave to File Second Amended Complaint and respectfully shows as follows:

## I.   Summary of Argument

Approximately six months ago, MD Media moved to dismiss Cona's claims for lack of jurisdiction and improper venue, which is currently pending before this Court. As set out in detail in its Motion to Dismiss Cona's Amended Complaint and subsequent filings in support of same (*See* Docs. 13, 16, 22, and 23, which MD Media incorporates here by reference), Cona's claims against MD Media are ultimately encompassed by a contractual agreement to resolve disputes through arbitration. The requested amendments do nothing to cure this fact. The parties filed a response brief, reply brief, and supplemental brief, respectively relating to MD Media's Motion to Dismiss, and that motion is now ripe for the Court's adjudication.

Notwithstanding, Movants now argue that the Court should allow them to add a new plaintiff to this lawsuit—Chris Meyer—and otherwise amend its pleadings for the second time

before the Court resolves MD Media's pending motion. Notably, Cona has cited no support for requesting such a course of action.

Allowing Movants leave to amend prior to deciding Defendants' pending motions would prejudice MD Media because it requires unnecessary briefing and re-briefing, and further delays a ruling on MD Media's motion all the while a parallel arbitration proceeding involving essentially the same facts, claims, and arising from the same operative Agreement remains ongoing. Indeed, the proposed Second Amended Complaint would be futile as it fails to address the issue surrounding the controlling arbitration clause.[1] Thus, with or without the amendments, the parties must arbitrate every claim in this lawsuit. Cona's Amended Complaint undermines strong federal policy requiring the enforcement arbitration clauses.

Additionally, Cona acted with undue delay in moving for leave to amend now, when Cona has known for over six months of the facts giving rise to the requested amendments contained in the proposed Second Amended Complaint. Cona has had over six months and previous amendments to plead valid claims against MD Media, but they have failed to do so. Yet, the requested amendments do not cure any deficiencies nor should it prevent this Court from dismissing this lawsuit under Federal Rule of Civil Procedure 12(b)(6).

Moreover, Movants also fail to meet their burden under Federal Rule of Civil Procedure 20 to properly join Chris Meyer as a plaintiff to this case. Thus, Movants' requested amendment to add Meyer fails as a matter of law. As such, the Court should deny the Motion for Leave in its entirety and dismiss this lawsuit so that the claims may proceed in arbitration where Chris Meyer is also a party.

---

[1] Movants indicate they intend to "Attach copies of the controlling Agreement" to their Second Amended Complaint. *See* Dkt. 20 at ¶ 6(e). Movants, however, did not attach a copy of the referenced "controlling Agreement" to its Motion for Leave.

## II.     Procedural Background

Cona has a history of amending its complaints in an attempt to create a "moving target." This case was originally filed on April 6, 2021 by "Cona <u>Healthcare</u> LLC"[2] against Tara Healthcare LLC d/b/a Recovery Delivered, the Drug Rehab Agency, David Dobkin, and Marcus Hansen. *See* Doc. 1. On May 5, 2021, the original defendants filed their motion to dismiss for lack of jurisdiction and improper venue on grounds that the claims were governed by a contractual agreement to resolve disputes through arbitration. *See* Doc. 8. Rather than filing a response, Plaintiff Cona <u>Healthcare</u> LLC voluntarily dismissed its claims against the original defendants and filed an Amended Complaint against MD Media on May 12, 2021 with nearly identical allegations as contained in the Original Complaint. *See* Doc. 10.

Thereafter, MD Media filed its Motion to Dismiss for lack of jurisdiction and improper venue on June 8, 2021. *See* Doc. 13. Cona filed its Response to MD Media's Motion to Dismiss on June 25, 2021. *See* Doc. 15. MD Media then filed its Reply in support of Motion to Dismiss on July 8, 2021. *See* Doc. 16. The Court entered its Scheduling Order on July 21, 2021. *See* Doc. 18. Then on September 28, 2021, Cona filed its Arbitration Demand against Tara Healthcare LLC, David Dobkin, and Marcus Hansen[3], the original defendants in this lawsuit, alleging nearly identical pleadings to the Original Complaint and the Amended Complaint against MD Media. Tara Healthcare, LLC has filed a counterclaim and third party claims in the Arbitration, including claims against Chris Meyer. Thereafter, MD Media filed its unopposed motion for leave to file supplemental brief and attached Supplemental Brief in support of its Motion to Dismiss, alerting

---

[2] Cona Health, LLC suggests that it misnamed itself as Cona Healthcare LLC in prior pleadings and that the two are one in the same. Upon information and belief, Cona Healthcare LLC does not exist.

[3] Notably, Marcus Hansen is a principal of MD Media.

3

the Court to the interrelated arbitration filing. *See* Docs. 22 and 23. To date, MD Media's Motion to Dismiss remains pending.

On November 9, 2021, Movants filed their Motion for Leave to file Second Amended Complaint, to add a new plaintiff to the lawsuit, correct errors in its prior two Complaints that Cona knew or should have known about, to attach a copy of an Agreement which likely contains the relevant arbitration clause, and to add additional "minor" factual allegations that Cona has been aware of for over six months. Notably, none of Movant's proposed amendments negate the fact that the claims in the action should proceed to arbitration.

### III. Arguments and Authorities

Movants seek leave to amend under Rule 15. Under Rule 15, the Fifth "Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (internal citations omitted). If any of these factors apply, a court should not grant a motion for leave to amend. See *Id*.

Here, the Court should deny the request for leave because the amendment would be futile, Movants have demonstrated undue delay, and the amendment would prejudice the MD Media. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Movants also fail to meet their burden to show proper joinder under Federal Rule of Civil Procedure 20.

**A. Movants' Amendments are Futile**

It is axiomatic that leave must be denied where the proposed amendment is futile. *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). Federal Rule of Civil Procedure 12(b)(6) standard guides a Court's analysis of the amendment's futility, and the Court

4

must accept a plaintiff's allegations as true. *See id.* at 1208-09. An amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Terra Nova Sciences, LLC v. JOA Oil & Gas Houston, LLC*, 738 F. Supp. 2d 689, 701 (S.D. Tex. 2010) (Miller, J., presiding) (citing, *Landavazo v. Toro Co.*, 301 Fed.Appx. 333, 337 (5th Cir.2008).

For example, in *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003), the Fifth Circuit affirmed denial of leave to amend where the proposed amendment was futile. Although plaintiff Humana had a chance to "add additional facts" to support any claim, it failed each time to plead a legally cognizable claim. Humana's proposed Third Amended Complaint failed to plead facts to support a claim for all of the same reasons Humana's Second Amended Complaint is insufficient—the underlying events, no matter how phrased, simply do not constitute an actionable claim. As a result, Humana's proposed third amendment is and would be futile. *See Humana Health Plan of Texas*, 336 F.3d at 387.

Similarly, Movants' requested amendments would not cure the deficiency of lack of jurisdiction and improper venue due to the controlling arbitration agreement. Cona's claims against MD Media, as well as any claim Chris Meyer may have against MD Media, are encompassed by and arise from a contractual agreement to resolve disputes through arbitration. The original defendants and MD Media have moved to dismiss Cona's claims for lack of jurisdiction and improper venue due to the controlling arbitration agreement. Since then, Cona has voluntarily dismissed its lawsuit against the original defendants, and instead initiated arbitration against the original defendants alleging nearly identical claims. Movants' requested amendments do nothing to cure these deficiencies that support dismissal. Instead, Cona seeks leave to amend to add a new plaintiff to the lawsuit (who is also a party to the parallel arbitration proceeding), correct errors in its prior two complaints, to attach a copy of an Agreement which likely contains a relevant

arbitration clause, and to add additional "minor" factual allegations that Cona has been aware of for over six months. These changes are futile and the Amended Complaint would not survive a motion to dismiss. Therefore, the Motion for Leave should be denied.

**B. Movants Acted with Undue Delay in Moving for Leave to Amend Six Months Later, and Movant's Delay Unduly Prejudices MD Media**

It is well established that leave to amend must be denied where the plaintiff "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Udoewa v. Plus4 Credit Union*, No. H–08–3054, 2010 WL 1169963, at *2 (S.D.Tex. Mar. 23, 2010); *see also In re Southmark Corp.*, 88 F.3d 311 (5th Cir. 1996) (denying leave to amend to assert an alternative basis for recovery for an alleged fraudulent transfer where there was "no reasonable explanation" for plaintiff's delay in seeking to amend as the proposed amendments were known to the plaintiff at the time the bankruptcy plan was confirmed); *Washington Intern. Ins. Co. v. Rafael A. Morales, Inc.*, No. CIV A L-06-56, 2007 WL 2363003, at *2 (S.D. Tex. Aug. 16, 2007) (finding that "the claim and theory of recovery which Plaintiff seeks to 'clarify' was known to Plaintiff at the time of its filing of the [o]riginal [c]omplaint[,]" and thus did not warrant amendment).

Movants seek leave to amend to correct errors in its prior two complaints and to add additional "minor" factual allegations that Cona has been aware of for over six months. Notably, all of the factual amendments contained in the Second Amended Complaint were known or should have been known to Cona six months ago when it filed its Original Complaint, and later when it filed its Amended Complaint. Cona should have reasonably known the correct spelling of its own name. Cona had a copy of the Agreement it referenced in its Original Complaint and in its Amended Complaint. Setting aside issues regarding the veracity of Cona's allegations, Cona should have known when the events giving rise to its claims allegedly occurred. Cona bears the

burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect[.]" *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 836 (5th Cir.1992) (internal citations omitted). Cona has not presented any facts in this regard. On the contrary, like in *Washington Intern*, the requested the clarification that Cona seeks to make was well known at the time of filing its previous complaints.

In particular, when a party files a motion for leave to amend after the defendant has moved for dismissal, as is the case here, the party seeking leave to amend should show substantial and convincing evidence to justify the new claims. *See Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 944 (7th Cir. 1995). Cona is without adequate justification for seeking leave to amend now, after the Parties have already briefed dispositive issues pursuant to MD Media's motion to dismiss. Therefore, the Motion for Leave should be denied.

### C. Rule 15 Does not Support Joinder of Parties

The Motion for Leave does not merely seek to "amend" its factual allegations or causes of action. Rather, the Motion seeks to add non-party Chris Meyer—who is seeking to join in Cona's lawsuit as an additional named plaintiff while a Motion to Dismiss remains pending. The joinder of an additional party requires a separate motion under Rule 20(a) that is not before the Court. In deciding whether joinder is proper, "courts must 'provide a reasoned analysis that comports with the requirements of the Rule' and 'it is insufficient for a court to rely on general assumptions regarding the circumstances [surrounding a specific case]." *In re Lincoln National COI Litigation*, No. 16-06605, 2018 WL 684780, *3 (E.D. Tex. Feb. 1, 2018). "Plaintiffs bear the burden of demonstrating that joinder is proper under Rule 20(a)." *Id*. Because there has been no argument or showing that Chris Meyer is entitled to join Cona's lawsuit as an additional named plaintiff under

Rule 20(a)—the governing rule that is not even mentioned in their motion—the Court should deny Movant's request.

Even if Cona's motion for leave to "amend" could somehow serve as a motion by Chris Meyer to join the proceeding, Movants have not met their burden to establish that joinder is proper under Rule 20(a). Specifically, the joinder of Chris Meyer as an additional plaintiff is improper under Federal Rule of Civil Procedure 20(a) because the Second Amended Complaint fails to allege, with specific particularity, any personal involvement of Chris Meyer, or that he personally interacted with MD Media in any way, at any time. *See* Doc. 30, Ex. A. Instead, Movants make overly generalized, conclusory allegations that lump Chris Meyer in with Cona. These type of general allegations do not satisfy the specificity required under Federal Rule of Civil Procedure 8, as it fails to state a claim upon which relief may be granted. Therefore, Movant's Motion for Leave should be denied.

**Conclusion and Request for Relief**

For these and other reasons, including as set forth in MD Media's Motion to Dismiss (Doc. 13), Reply in Support of Motion to Dismiss (Doc. 16), and Unopposed Motion for Leave to File Supplemental Brief in Support of its Motion to Dismiss (Doc. 23) and relevant Attachment (Doc. 23), the Motion for Leave to file Second Amended Complaint should be denied and the Court should dismiss the claims against MD Media.

Dated: November 30, 2021

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY**

By: */s/ Justin E. VandenBout*
Justin E. VandenBout
State Bar No. 24060765
justin.vandenbout@chamberlainlaw.com
C. Larry Carbo III
Stat Bar No. 24031916
larry.carbo@chamberlainlaw.com
Lincoln Chen
State Bar No: 24100148
lincoln.chen@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas  77002
Tel:  (713) 658-1818
Fax: (713) 658-2553

**ATTORNEYS FOR DEFENDANT MD MEDIA LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on November 30, 2021.

*/s/ Lincoln Chen*
Lincoln Chen

4330139.v1

9